## BELL v. ARKANSAS COUNTY.

FEES:   *Tax assessor's.*

The assessor is entitled to one dollar and no more for assessing all lands
of non-residents and unknown owners in each township in which
there may be any of either.

APPEAL from *Arkansas* Circuit Court.
Hon. J. A. WILLIAMS, Circuit Judge.

*Gibson & Holt* for appellant.

The only question is the construction of *sec. 60, acts 1883, p. 235.*

The law allows the assessor $1.00 for each non-resident *list*, counting all the lands in one township and range as one list; that is $1.00 for all lands belonging to *each* non-resident in each township, and $1.00 for all the lands in each township belonging to "unknown" owners.

If the Legislature had meant otherwise it would merely have said $1.00 for all lands belonging to non-residents and unknown owners in each township.

EAKIN, J.   Bell, as assessor, filed in the county court of Arkansas county, for allowance, his account for assessing. It was allowed as claimed for the personal assessment lists and for listing farmers, but was continued as to the items for assessing real estate of unknown owners and of non-residents.   Of the former there were thirty-six, and of the latter four hundred and eighty-five, for all of which he claimed one dollar each.   This order was made on the twentieth day of July, 1883.   At the January term following the account was again taken up.   The court reciting that there were thirty-six townships in the county,

allowed the assessor only $36.00, being one dollar for each township for making assessments of both unknown owners and non-residents. The balance of the claim was rejected.

Bell appealed to the Circuit Court, where it was submitted to the judge on law and fact. The same judgment was there rendered. Bell moved for a new trial, which motion being overruled he took a bill of exceptions and appeals here. The motion complains of error in declarations of law made by the court, and that the finding was contrary to the law and the evidence. The evidence was, that he did assess 485 non-resident owners of real estate in the county, "counting each non-resident in each one of said townships as a separate and distinct list— counting all the lands belonging to the same party in each township as one list," and that there were thirty-six townships in the county.

The court declared the law to be, that the assessor was only entitled to one dollar for assessing all the lands of unknown owners and non-residents in each township, however numerous they might be—that the compensation of one dollar covered all together. It refused to declare that the assessor was entitled, in each township, to one dollar for each list of lands assessed to different non-residents or unknown owners therein.

Assessor's fees. This appeal involves the construction of section 60 of the revenue act of 1883, which provides that the assessor "shall be allowed the following compensation for his services: For each name listed, twenty-five cents, and all property belonging to one individual or corporation *in the county* to be counted as one name. For each list of real property, the owner or owners of which are unknown *or non-residents*, one dollar, and all such lands in one township and range to be embraced or counted as one list; but if

any unknown person *or non-resident* owns lands in more than one township, he shall be allowed one dollar for each township. See, also, *Mansfield's Dig., sec. 5663*.

It is easy to see why a lumping compensation with regard to unknown owners, of one dollar for all in any one township, should have been adopted. They could not be distinguished by separate lists. The reason does not apply to non-resident owners when known. The assessment of their real estate requires the same care and trouble as those of residents, and the Legislature might have put them all on the same footing, allowing twenty-five cents for each *name* listed, wherever the property of that individual might be in the county. What the policy of the Legislature may have been it is not easy to conjecture, but it is not at all probable that it intended the result for which appellant contends, for that would allow several dollars for assessing the real estate of one non-resident lying in different townships, whereas the assessor would get but twenty-five cents for assessing all the property of a resident, though scattered over every township in the county.

The intention of the Legislature to place lands of non-residents on the same footing with those of unknown owners is made clear by reference to the act of March 3, 1875, to fix the compensation of assessors. (*Pamphlet acts of 1874-5, p. 207*.) That act is the same in all respects as that of 1883, above quoted, save that it omits the words "or non-resident" after "unknown person," where it occurs above. The interpolation of those words, in two places in the act of 1883, must have been by design, and to effect what the literal meaning of the last law imports.

The assessor is entitled to one dollar, and no more, for assessing *all* lands of non-residents and unknown owners in each township in which there may be any of either.

Affirm.